**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandra Y. McCoy,<br><br>    Plaintiff,<br><br>vs.<br><br>JoAnne B. Barnhart, Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-04-00799-PHX-DGC<br><br>**ORDER** |

Pending before the Court is Defendant's motion to reverse and remand the final decision of the Commissioner of the Social Security Administration ("SSA") that denied Plaintiff's initial request for benefits on December 12, 2003. Doc. #21. Defendant states that a remand is necessary because after Plaintiff filed this action on April 23, 2004, she reapplied for disability insurance benefits. *Id.* One day after the ALJ issued its decision denying Plaintiff benefits, she was found disabled by SSA as of December 13, 2003. *Id.* Defendant now requests a voluntary remand of the case, so that the Commissioner can reconcile the subsequent allowance with the ALJ's denial. *Id.*

Plaintiff does not object to remand of her first case for further review, but expresses concern that an "undirected remand order [by this Court]...to reconcile the two conflicting decisions may produce a reversal not of the first unfavorable determination, but of the second favorable decision through which Plaintiff currently receives benefits." Doc. #22. Plaintiff

1 request that upon remand, the Court "prohibit any reopening or reversal of the SSA's
2 approval of Plaintiff's second claim." *Id.*  The Court cannot do so because a district court's
3 role in reviewing the Commissioner's decision is a limited one, and only has the power to
4 enter judgment affirming, modifying, or reversing the Commissioner's decision in the case
5 before it. *See* 42 U.S.C. §405(g).  Because the facts of the second claim are not currently
6 before this Court, we can neither prohibit nor authorize the "reopening" of the Plaintiff's
7 second claim.

8      The Court will grant Defendant's request to remand, however, because it is
9 unopposed.  On remand, the Commissioner should conduct such supplemental hearings as
10 is necessary to complete the record and issue a new decision on its previous denial.  The
11 scope of the Court's remand is limited only to reconsidering the facts as it pertains to the
12 SSA's denial of Plaintiff's first disability claim.  The Appeals Council should remand this
13 case to an ALJ with the instruction to reconcile the subsequent allowance of benefits with
14 the previous denial.  Specifically, the ALJ should consider Plaintiff's alleged mental
15 impairments in light of the subsequent allowance.  If necessary, the ALJ should further
16 develop any record with additional treating records, possibly obtain a supplemental mental
17 status examination, and/or the assistance of a medical expert to determine the nature of
18 Plaintiff's mental impairments and resolve any inconsistencies in the record.

19      **IT IS ORDERED** that Defendant's Motion to Reverse and Remand is (Doc. #21)
20 **granted**.

21      DATED this 14th day of March, 2006.

*David G. Campbell*
United States District Judge