**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandra Y. McCoy, | No. CV-04-0799-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| JoAnne B. Barnhart, Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff has filed an Application for Award of Attorneys' Fees under the Equal Access to Justice Act, seeking $1,193.25 in fees and $150.00 in costs. Doc. #26. Defendant opposes the Application, arguing that Plaintiff's fee request should be reduced by 1.5 hours spent opposing Defendant's motion to remand this case, and that Plaintiff's request for an enhanced hourly rate should be denied. Doc. #27. Plaintiff has filed a reply. Doc. #28.

The Court concludes that Plaintiff should recover fees for a total of 4.95 hours. The Court will not allow Plaintiff's requested additional 1.5 hours. The Court concludes that this time was incurred unnecessarily. Plaintiff opposed the terms on which Defendant sought to remand this case, arguing that a remand might result in Defendant's reconsideration of a different case resolved in Plaintiff's favor. Because this Court had no authority to provide directions regarding the reopening of a case not before it, Plaintiff's opposition to the terms of the remand was unnecessary.

1　　　　The Court also concludes, however, that Plaintiff should recover fees at the hourly
2　rate of $185.00.  Pursuant to 28 U.S.C. § 2412(d)(2)(A)(ii), "attorney fees shall not be
3　awarded in excess of $125 per hour unless the court determines that an increase in the cost
4　of living or a special factor, such as the limited availability of qualified attorneys for the
5　proceedings involved, justifies a higher fee."  Plaintiff's request for a rate of $185 per hour
6　represents an increase of $60 above the statutory amount, and less when compared to the
7　adjusted base rate, which, taking into account cost of living increases since 1996, is $153.75
8　for 2004 and $158.75 for 2005.

9　　　　The Ninth Circuit has held that attorneys practicing in the areas of Social Security law
10　can be reimbursed for amounts exceeding the statutory cap under certain circumstances. *See*
11　*Pirus v. Bowen*, 869 F.2d 536, 541-42 (9th Cir. 1991).  "First, the attorney must possess
12　distinctive knowledge and skills developed through a practice specialty.  Secondly, those
13　distinctive skills must be needed in the litigation.  Lastly, those skills must not be available
14　elsewhere at the statutory rate."  *Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991).  The
15　Court concludes that Plaintiff's request for $185 per hour is appropriate under this standard.
16　Plaintiff's counsel possesses distinctive knowledge and skill, that knowledge and skill was
17　required in this litigation, and the knowledge and skill cannot be obtained elsewhere at the
18　$125 statutory rate.

19　　　　**IT IS ORDERED** that Plaintiff's Application for Award of Attorneys' Fees under the
20　Equal Access to Justice Act (Doc. #26) is **granted**.  Plaintiff is awarded $915.75 in
21　attorneys' fees ($185 x 4.95 hours) and $150.00 in costs.

22　　　　DATED this 26th day of July, 2006.

　　　　　　　　　　　　　　　　　　　　　　　　　／s／ David G. Campbell
　　　　　　　　　　　　　　　　　　　　　　　　　David G. Campbell
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

- 2 -